IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW A. COLLINS,                :
                                   :
         Plaintiff                 :
                                   :
    v.                             :     CIVIL NO. 3:CV-14-2425
                                   :
DOMMINICK L. DEROSE, ET AL.,       :     (Judge Conaboy)
                                   :
         Defendants                :

FILED
SCRANTON
FEB 08 2016

_____
DEPUTY CLERK

**MEMORANDUM**
**Background**

Matthew A. Collins (Plaintiff), an inmate presently confined at the Forest State Correctional Institution, Marienville, Pennsylvania (SCI-Forest), initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. Service of the Complaint was previously ordered. Named as Defendants are Plaintiff's prior place of incarceration, the Dauphin County Prison, the prison's Medical Department, and its Warden Dominick DeRose.

According to the Complaint and attached exhibits, on the morning of August 24, 2014, while on a work detail the Plaintiff slipped and fell on a "wet and saturated" floor in an upstairs shower area of the Dauphin County Prison. Doc. 1, p. 3. Collins indicates that there were no wet floor signs near the site and the area was unlit at the time of his fall. As a result of his mishap, Plaintiff allegedly injured his back, lower back, and tail bone.

1

Collins acknowledges that prison medical staff were notified and responded within ten minutes. He was helped off the floor and was taken to the prison's medical department but was allegedly not provided with any treatment.

In response to Plaintiff's continued complaints of lower back pain, an x-ray was ordered and performed on August 26, 2014. He was also prescribed Naprosyn for pain. Thereafter, Collins was transferred to a state correctional facility where he is allegedly been prescribed a cane and pain medication. The Complaint also includes a claim that although Collins has undergone diabetes testing at the prison, he was denied previously prescribed "diabetic medication for 6 month[s]." Id. at p. 4. Plaintiff seeks compensatory damages for pain, suffering, negligence, and emotional stress.

Presently pending is a motion to dismiss filed by Defendant PrimeCare Medical, Inc. ("PrimeCare") which is erroneously identified in the Complaint as being Defendant Medical Department.[1] See Doc. 20. Plaintiff has opposed the motion. See Doc. 23.

## Discussion

### Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can

---

1. PrimeCare is a private corporation which has been contracted by the Dauphin County Prison to provide health care for its inmates.

be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). A plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Id. at 556. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 679.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555. The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a

3

particular cause of action). Additionally, pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Personal Involvement**

PrimeCare's initial argument is that the Plaintiff's claims against it are improperly "premised upon vicarious liability." Doc. 21, p. 9. The moving Defendant adds that the Complaint does not raise any averments showing that it had any policies or customs which resulted in deliberate indifference.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Furthermore, federal civil rights claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual

4

>knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

In order to establish a viable § 1983 claim against a private corporate entity such as PrimeCare, it must be asserted that said defendant had a policy, practice, or custom which caused injury to the plaintiff. See Adonai-Adoni v. King, 2009 WL 890683 * 2 (E.D. Pa. March 31, 2009) (a private health care provider can only be liable under § 1983 if claim rests upon some policy, practice or custom); see also Riddick v. Modery, 250 Fed. Appx. 482, 483-84 (3d Cir. 2007); Carpenter v. Kloptoski, 2010 WL 891825 * 8 (M.D. Pa. March 10, 2010)(§ 1983 claim against private medical service solely on the basis that it was responsible for providing health care is subject to dismissal).

In Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003), the Third Circuit Court of Appeals addressed a delayed treatment claim by a diabetic pre-trial detainee who entered confinement with a medical directive stating that he must have insulin while incarcerated. The Court of Appeals stated liability could exist against an entity such as PrimeCare if it "turned a blind eye to an obviously inadequate practice." Natale, 318 F. 3d at 584

Based upon a careful review of the Complaint, Collins makes no assertion that PrimeCare enacted any policy, custom, or practice which resulted in a violation of his constitutional rights. Second, the Complaint concedes that Plaintiff received an x-ray and pain medication following his fall and also underwent testing for his diabetes. Unlike Natale there is no basis for a claim that PrimeCare

5

failed to create a policy to provide for the necessary treatment of injured or diabetic prisoners. Rather, this case concerns a prisoner's claim that there was failure to adequately treat an injury and his diabetes but the Complaint does not point to any policy or practice that caused that failure. See Stankowski v. Farley, 487 F. Supp.2d 543, 554-555 (M.D. Pa. 2007). As such, there is no discernible basis for liability against PrimeCare.

Accordingly, PrimeCare's request for entry of dismissal will be granted. See Carpenter v. Kloptoski, 2010 WL 891825 * 8 (M.D. Pa. March 10, 2010)(§ 1983 claim against private medical service solely on the basis that it was responsible for providing health care is subject to dismissal).

**Deliberate Indifference**

PrimeCare alternatively argues that Plaintiff's claim of constitutionally insufficient medical care following his mishap is insufficient. See Doc. 21, p. 9.

Specifically, it is asserted that the there is no basis for a discernible claim because Collins acknowledges that he was provided with medical assistance within minutes following his fall which eventually included the taking of an x-ray and administration of pain medication. The Defendant adds that since Plaintiff admits that he was given a finger stick blood glucose test and was able to get by without diabetes medication for the duration of his six month stay in the Dauphin County Prison the alleged denial of an unidentified purportedly previously prescribed medication did not constitute deliberate indifference. See id. at pp. 9-10. [2]

---

2. Plaintiff's opposing brief lists three medications, Metformin
(continued...)

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). In order to establish an Eighth Amendment medical claim, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235-36 (3d Cir. 2004); Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). In the context of medical care, the relevant inquiry is whether the defendant was: (1) deliberately indifferent (the subjective component) to (2) the plaintiff's serious medical needs (the objective component). Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Mines v. Levi, 2009 WL 839011 *7 (E.D. Pa. March 26, 2009)(quoting Colburn, 946 F.2d at 1023); Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347. "[I]f unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." Young v. Kazmerski, 266 Fed. Appx. 191, 193 (3d Cir. 2008)(quoting Monmouth Cty. Corr. Inst. Inmates, 834 F.2d at 347). Mere negligent conduct that leads to

---

2. (...continued)
(a type 2 diabetes medication), Hetz, and Aspirin. See Doc. 23, p. 2.

7

serious injury of a prisoner does not expose an individual to liability under § 1983. Davidson v. Cannon, 474 U.S. 344, 347-48 (1986).

With respect to the serious medical need requirement, this Court is satisfied that Plaintiff's allegation of having diabetes satisfies the serious medical need standard at this stage in the proceedings. However, it is questionable as to whether the pain Collins purportedly suffered as a result of his slip and fall rises to the level of a serious medical need.[3]

with respect to the subjective deliberate indifference component of Estelle, the proper analysis for deliberate indifference is whether a prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 841 (1994). A complaint that a physician "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

When a prisoner has actually been provided with medical treatment, one cannot always conclude that, if such treatment was inadequate, it was no more than mere negligence. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). It is true, however, that if inadequate treatment results simply from an error in medical judgment, there is no constitutional violation. See id. However, where a failure or delay in providing prescribed treatment is

---

3. The Plaintiff's opposing brief states that he suffered in pain for two days. See Doc. 23, p. 2

deliberate and motivated by non-medical factors, a constitutional claim may be presented. See id.; Ordonez v. Yost, 289 Fed. Appx. 553, 555 (3d Cir. 2008) ("deliberate indifference is proven if necessary medical treatment is delayed for non-medical reasons.").

Based upon a liberal consideration of Plaintiff's allegations, the subjective deliberate indifference component has not been met with respect to Defendant PrimeCare. Allegations of negligent treatment are medical malpractice claims, and do not trigger constitutional protections.

Collins was given timely appropriate diagnostic testing in response to his medical complaints, x-rayed for an alleged back injury and given a finger stick blood glucose test when he indicated that he had diabetes. Since Plaintiff's claims as stated appear at best to represent his disagreement with determinations/assessments made by individual unidentified members of the prison medical staff/PrimeCare employees after the completion of diagnostic testing, there is no discernible basis for a claim of deliberate indifference against Defendant PrimeCare.

**Certificate of Merit**

The moving Defendant also contends that Plaintiff's pendent state law claims of medical negligence should be dismissed because he failed to file the required certificate of merit. See Doc. 21, p. 10.

Rule 1042.3 requires a person who brings a claim of medical malpractice/negligence to file an appropriate certificate of merit either with the complaint or within sixty (60) days thereafter. The Rule 1042.3 certificate must certify that either: (1) an appropriate

licensed professional has supplied a written statement that there exists a reasonable probability that the conduct which is the subject of the complaint fell outside acceptable professional standards and was a cause in bringing about the harm; (2) the claim of deviation by defendant from an acceptable professional standard is based solely upon allegations that other licensed professionals for whom defendant is responsible deviated from an acceptable professional standard; (3) expert testimony of an appropriate licensed professional is unnecessary.

Courts within this circuit have recognized that Rule 1042.3 is substantive law and should be applied by federal courts sitting in diversity. Schwalm v. Allstate Boliler & Construction, 2005 WL 1322740 *1 (M.D. Pa. May 17, 2005)(Caputo, J.); Scaramuzza v. Sciolla, 345 F. Supp.2d 508, 509-10 (E.D. Pa. 2004). In addition, Plaintiff's incarceration or pro se status is not a viable basis upon which to excuse compliance with Rule 1042.3 or the requirement of coming forth with expert medical testimony. See Perez v. Griffin, 2008 WL 2383072 *3 (M.D. Pa. June 9, 2008)(Rule 1042.3 applies to incarcerated and pro se plaintiffs and constitutes a rule of substantive state law to which plaintiffs in federal court must comply).

Since Plaintiff has not submitted a Rule 1042.3 certificate of merit or otherwise indicated that he has retained an expert witness, it is appropriate for this court to dismiss his pendent state law claim of medical malpractice/negligence claims against PrimeCare without prejudice. See Osorio v. United States, 2007 WL 2008498 *2 (W.D. Pa. July 5, 2007); see also Henderson v. Pollack,

2008 WL 282372 *4 (M.D. Pa. Jan 31, 2008)(Caldwell, J.)(citing Hartman v. Low Security Correctional Institution, Allenwood, 2005 WL 1259950 * 3 (M.D. Pa. May 27, 2005)(Muir, J.).

                                                                          /s/ Richard P. Conaboy
                                                                          RICHARD P. CONABOY
                                                                          United States District Judge

DATED: FEBRUARY 8th, 2016