IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW A. COLLINS,                  :
                                     :
         Plaintiff                   :
                                     :
    v.                               :   CIVIL NO. 3:CV-14-2425
                                     :
DOMMINICK L. DEROSE, ET AL.,         :   (Judge Conaboy)
                                     :
         Defendants                  :



FILED
SCRANTON
FEB 17 2016

PER _____ CR
DEPUTY CLERK

**MEMORANDUM**
**Background**

This pro se civil rights action pursuant to 42 U.S.C. § 1983 was filed by Matthew A. Collins (Plaintiff), an inmate presently confined at the Forest State Correctional Institution, Marienville, Pennsylvania (SCI-Forest). By Memorandum and Order dated February 8, 2016, PrimeCare Medical, Inc. ("PrimeCare") was substituted for Defendant Dauphin County Prison Medical Department and PrimeCare's motion to dismiss was granted. See Doc. 39.

Remaining Defendants are Plaintiff's prior place of incarceration, the Dauphin County Prison and its Warden Dominick DeRose. Plaintiff contends that on the morning of August 24, 2014, he slipped and fell on a "wet and saturated" floor while assigned to a work detail in an upstairs shower area of the Dauphin County Prison. Doc. 1, p. 3. The Complaint alleges that there were no wet floor signs in the area and it was unlit at the time of his fall

1

and as such violated both his constitutional rights and the Occupational Safety and Health Act (OSHA). Collins purportedly injured his back, lower back, and tail bone as a result of his fall.

It is undisputed that the prison's medical staff was notified and responded within ten minutes. However, after Collins was helped off the floor and was taken to the prison's medical department, he was allegedly not given any treatment. After Plaintiff continued to complain of lower back pain, an x-ray was ordered and performed on August 26, 2014 and he was prescribed Naprosyn for pain. Collins was subsequently transferred to a state correctional facility where he is allegedly been prescribed a cane and pain medication. The Complaint additionally contends that although Collins was given a diabetes test at the prison, he was denied previously prescribed "diabetic medication for 6 month[s]." Id. at p. 4. Plaintiff seeks compensatory damages for pain, suffering, negligence, and emotional stress.

Presently pending is a motion to dismiss filed by the two Remaining Defendants. See Doc. 22. The opposed motion is ripe for consideration.

## Discussion

### Standard of Review

As previously discussed by this Court, Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. A court in addressing a motion to dismiss must "accept as true all factual allegations in the complaint and all reasonable inferences that can

2

be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

A complaint must set forth facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Id. at 556. A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Legal conclusions must be supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 679.[1]

The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal

---

1. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555.

3

evidence of the necessary element[s]" of a particular cause of action). Finally, it is noted that pro se pleadings must be afforded liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Damages in Sum Certain**

The Remaining Defendants' pending motion correctly notes that the Complaint in part seeks a specific amount of compensation. See Doc. 28, p. 14. They contend that Plaintiff's demand for specific sums of money damages should be stricken pursuant to M.D. Pa. Local Rule 8.1.

Pursuant to the Local Rules of this Court, a prayer for relief which seeks a specific amount of damages must be stricken. See M.D. Pa. Local Rule 8.1(a demand for judgment shall not claim any specific sum where unliquidated damages are involved). Based upon the provision of Local Rule 8.1, the Court will grant the Remaining Defendants' request and the demand for relief in the pro se complaint to the extent which it seeks a specific sum of money damages will be stricken.

**Mootness**

Remaining Defendants next contend that the Complaint to the extent that it seeks injunctive or declaratory relief is subject to dismissal on the basis of mootness. See Doc. 28, p. 14.

Federal courts can only resolve actual cases or controversies, U.S. Const., Art. III, § 2, and this limitation subsists "through all stages of federal judicial proceedings. . . ." Id. see also Steffel v. Thompson, 415 U.S. 452, 459 (1974) (the adjudicatory power of a federal court depends upon "the

4

<u>continuing</u> existence of a live and acute controversy)" (emphasis in original). An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." <u>Id</u>. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." <u>Rosenberg v. Meese</u>, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing <u>O'Shea v. Littleton</u>, 414 U.S. 488, 495-96 (1974)); <u>see also</u> <u>Gaeta v. Gerlinski</u>, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

Furthermore, an inmate's claim for injunctive and declaratory relief fails to present a case or controversy once the inmate has been transferred. <u>Wahl v. McIver</u>, 773 F.2d 1169, 1173 (11th Cir. 1985) (citation omitted); <u>see also</u> <u>Carter v. Thompson</u>, 808 F. Supp. 1548, 1555 (M.D. Fla. 1992).

When Plaintiff filed this action he was no longer confined at the Dauphin County Prison. <u>See</u> Doc. 1, p. 1. There is no indication that Collins will be returned to the Dauphin County Prison in the foreseeable future. Based upon a review oth the Complaint, it does not appear that Collins is seeking injunctive or declaratory relief. Nonetheless, this Court agrees with the Remaining Defendants that Plaintiff's action to the extent that it may possibly be seeking injunctive and declaratory relief based upon actions which occurred during his prior confinement at the Dauphin County Prison is subject to dismissal on the basis of mootness.

**OSHA**

The next argument for dismissal asserts that the Complaint to the extent that it seeks to raise a claim under OSHA must fail as OSHA does not create a private cause of action. See Doc. 28, p. 14.

It is well settled that "OSHA does not create a private cause of action against an employer for a violation. Ries v. National R.R. Passenger, Corp., 960 F.2d 1156, 1164 (3d Cir. 1992); Marvel v. Prison Industries, Inc., Civil No. 99-113, 2000 WL 1239962 *3 (D. Del. Aug. 24, 2000)(no private cause of action under OSHA). Accordingly, the request for dismissal of the OSHA claim will be granted.[2]

**Dauphin County Prison**

Remaining Defendants contend in part that the Dauphin County Prison is not a properly named defendant. See Doc. 28, p. 7.

Courts have repeatedly recognized that a prison or correctional facility is not a person for purposes of civil rights liability. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Philogene v. Adams County Prison, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); Sponsler v. Berks County Prison, Civ. A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995). Pursuant to the above standards, the Dauphin County Prison is clearly not a person and therefore not subject to civil rights liability. See Thompkins v. Doe, No. 99-3941, slip op. at 3 (3d Cir. March 16, 2000).

---

2. Of course, if Plaintiff was to establish an OSHA violation it would be relevant to the merits of his Eighth Amendment claim.

6

There is also no discernible claim by Plaintiff that his constitutional rights were violated as the result of any policy, custom or practice of the Dauphin County Prison. See Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978). Accordingly, this Court agrees that the Dauphin County Prison is not properly named as a defendant.

**Respondeat Superior**

It is next argued that the allegations against Warden DeRose are solely premised on a theory of respondeat superior. The sole claims asserted against the two Remaining Defendants assert that there was a failure to protect Collins' safety from an alleged hazardous condition, i.e. a wet, slippery floor. The Plaintiff's claims of deliberate indifference to his medical needs are not raised against either Remaining Defendant.[3]

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638

---

3. Even if such claims were deemed to be raised against the non-medical Remaining Defendants, as correctly noted by the pending motion to dismiss a non-physician defendant can not be considered deliberately indifferent for failing to respond to an inmate's medical complaints when he is already receiving treatment by the prison's medical staff. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).
   Since Plaintiff acknowledges receiving treatment by the medical staff and there is no contention that the Warden refused to provide any prescribed care, a claim of medical deliberate indifference is not set forth in the Complaint.

(3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

Inmates also do not have a constitutional right to a prison grievance system. See Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 137-138 (1977); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."). Consequently, any attempt by Plaintiff to establish liability against a defendant solely based upon the substance or lack of response to his institutional grievances does not by itself support a constitutional due process claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because

prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

There are no specific factual allegations of involvement in constitutional misconduct raised against Warden DeRose. As such, it appears that the Complaint is improperly attempting to establish based upon either the DeRose's supervisory capacity or his review of Plaintiff's grievances. The request for entry of dismissal in favor of Defendant Warden DeRose will be granted.[4]

**Administrative Exhaustion**

According to the Remaining Defendants, "Plaintiff jumped the gun and filed this lawsuit before the prison finished its review" of his administrative grievances." Doc. 28, p. 13. In light of that action, they contend that this matter should be dismissed for non-exhaustion of administrative remedies.

Section 1997e(a) of title 42 U.S.C. provides:

> No action shall be brought with respect to
> prison conditions under Section 1979 of
> the Revised Statutes of the United States
> (42 U.S.C. 1983), or any other federal
> law, by a prisoner confined in any jail,
> prison, or other correctional facility
> until such administrative remedies as are
> available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Porter v. Nussle, 122 S.Ct. 983, 992

---

4. The Plaintiff was simply not presented any facts to show that DeRose was personally involved in any conduct which could support a claim that the Warden was aware of the existence of a substantial risk of serious harm and deliberately disregarded the apparent risk.

9

(2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). Claims for monetary relief are not excused from the exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

An inmate is not required to specifically plead or demonstrate exhaustion in his or her complaint. See Jones v. Bock, 549 U.S. 199, 216 (2007); see also Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002)(a prisoner does not have to allege in his complaint that he has exhausted administrative remedies). Rather, pursuant to the standards announced in Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997), it is the burden of a defendant asserting the defense of non-exhaustion to plead and prove it.[5] The United States Supreme Court in Jones noted that the primary purpose of the exhaustion requirement is to allow prison officials to address complaints before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving

---

5.  In Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), the United States Court of Appeals for the Third Circuit similarly stated that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead."

10

litigation that does occur by leading to the preparation of a useful record.

The administrative exhaustion mandate also implies a procedural default component. Spruill v. Gillis 372 F.3d 218, 222 (3d Cir. 2004). As explained by the Third Circuit Court of Appeals, a procedural default rule "prevents an end-run around the exhaustion requirement." Id. at 230. It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." Id. Similarly, the Supreme Court has observed that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations. Woodford v. Ngo, 548 U.S. 81 (2006).

The Court of Appeals for the Third Circuit has recognized that "[t]here is no futility exception" to the exhaustion requirement. Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002) (citing Nyhuis, 204 F.3d at 75. A subsequent decision by the Third Circuit Court of Appeals reiterated its no futility exception by rejecting an inmate's argument that exhaustion should be excused because prisoner grievances were regularly rejected. Hill v. Smith, 186 Fed. Appx. 271, 274 (3d Cir. 2006). The Court of Appeals has also rejected "sensitive' subject matter or 'fear of retaliation' as a basis for excusing a prisoner's failure to exhaust." Pena-Ruiz v. Solorzano, 281 Fed. Appx. 110, 113 (3d Cir. 2008).

The Dauphin County Prison has an established four step inmate grievance procedure. A copy of the policy has been submitted by the Remaining Defendants.[6] See Doc. 28-2. It provides that an inmate seeking resolution of problems or other issues of concern arising during the course of his confinement must first file a written grievance with the Warden. An appeal from the Warden's decision may be made to the Prison Board Chairman. If unsatisfied with that response, an appeal may be taken to the Prison Board. Thereafter, a final appeal may be presented to the Dauphin County Solicitor.

Remaining Defendants and Plaintiff's opposing brief both agree that he submitted an initial grievance with the Warden on or about August 25, 2014. See Doc. 32, p. 1. This lawsuit was filed on December 13, 2014.[7] The parties also agree that a final administrative appeal was pursued with the Dauphin County Solicitor on March 9, 2015 and was still pending at the time this motion to dismiss was filed. See id. at p. 3.

Since Plaintiff agrees that his final administrative appeal was still pending at the time this matter was filed, Remaining Defendants have satisfied their burden under Williams of establishing that Collins filed this lawsuit before completing the Dauphin County Prison administrative grievance procedure. The Plaintiff acknowledges that his claims against the Remaining

---

6. Since Remaining Defendants have filed a motion to dismiss, a supporting declaration submitted in support of the motion will not be considered. The prison's administrative grievance procedure however, is a public record and may be taken judicial notice of.

7. The Complaint is dated December 13, 2014 (Doc. 1, p. 6) and will be deemed filed as of that date. See Houston v Lack, 487 U.S. 266 (1988)

Defendants were not administratively exhausted prior to the filing of this action and there is no basis for a determination that exhaustion should be excused. Accordingly, the request for dismissal on the basis of non-exhaustion is also a meritorious basis for dismissal. An appropriate Order will enter.[8]

_____
RICHARD P. CONABOY
United States District Judge

DATED: FEBRUARY 17th, 2016

---

8. Based upon the Court's determinations herein, discussion of additional arguments for dismissal raised by the Remaining Defendants is not warranted.

13